### JOHN DAMM, Respondent, *v.* PATRICK O'CONNELL, Appellant.

#### February 28, 1876.

A constable having levied upon personal property, the defendant in execution replevied the same. In the replevin suit the constable obtained judgment for the property, or its assessed value, at his election. He elected to take the money, which was paid him, and which exceeded the amount necessary to satisfy the execution. *Held*, that the constable was compellable by law to refund the surplus to the execution defendant.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Jecko & Hospes*, for appellant, cited: Bloebaum *v.* Slattiry's Admr., 56 Mo. 183; Dilworth *v.* McKelvey, 30 Mo. 149.

*Edward C. Kehr*, for respondent, cited: State, to use, *v.* Platte *et al.*, 52 Mo. 466.

LEWIS, J., delivered the opinion of the court.

This was an agreed case, submitted to the Circuit Court upon a statement of facts substantially as follows: Defendant, as constable, held an execution upon a judgment against the plaintiff, as surviving partner of the late firm of J. C. Schnell & Co., which he levied upon some of the partnership effects. Plaintiff replevied the property by a suit in the Circuit Court, wherein the defendant recovered judgment for return of the property, or for $352, its assessed value, at his election. He elected to take the money, which was thereupon paid by plaintiff, amounting, with interest, to $359.01, of which only the sum of $259.74 was required to satisfy the execution in defendant's hands. Plaintiff

demanded of defendant repayment of the surplus of $99.27, which was refused. This proceeding was then instituted to ascertain the respective rights of the parties. Plaintiff obtained judgment at special term for $114.15, including interest from date of the demand; which judgment being affirmed in general term, the defendant appealed.

When the constable acquired the money proceeds of the replevin suit, these stood in place of the property on which he had levied. The defendant in execution was as much entitled to the surplus remaining after satisfaction of the demand as if the officer had sold the property for the same amount in cash. Some technical distinctions are attempted, touching the presumption of ownership in defendant, arising from the result of the replevin proceeding. But they cannot prevail in face of the facts set out in the agreed statement. It is remarkable, to say the least, that the defendant should have supposed he could thus speculate with impunity upon the property of others, which, as a sworn public officer, he had taken into custody for fiduciary purposes. The other judges concurring, the judgment is affirmed with 10 per cent. damages.